UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mauricio E. Weber, <br> *aka Esteban M. Weber* <br><br> Plaintiff, <br><br> vs. <br><br> Melissa Aiken-Partain; Mike Aiken; Michael Roberson; Keith Bagwell; Trevor Simmons; Joey Chapman; John Zamberlin; Mike Baskins; Chrissy J. Adams; Kristin Reeves; Robert A. Gamble; Joy Chavis; Richard A. Shirley; Daniel F. Shearouse; John Doe; John Doe; Jeffery Musick; Richard L. Frierson; Doris A. Taylor, <br><br> Defendants. | C/A No. 8:11-2423-MBS-JDA <br><br> Report and Recommendation |

Plaintiff Mauricio E. Weber, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Anderson County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks monetary damages and injunctive relief for numerous circumstances surrounding his state prosecution for murder. The complaint is subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held

to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concludes that the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff is detained at Anderson County Detention Center on murder charges. He employs the bulk of his fifty-five (55) page complaint toward debunking the evidence against him for murder. For example, Plaintiff alleges that defendants Sgt. Melissa Aiken-Partain and Detective Mike Aiken falsely recorded a confession Plaintiff did not make. ECF No. 1 at 8-9. Plaintiff also spends several pages complaining about an "electronic control device" that he was forced to wear in court on July 12, 2011, which he says was uncomfortable but which he does not allege was deployed at any time. ECF No. 1 at 42-47. Plaintiff further alleges that he was arrested without probable cause, but admits the arrest was pursuant to a warrant. ECF No. 1 at 47.

Plaintiff seeks monetary damages as well as injunctive relief.

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). *In Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue*, 887 F.2d at 52. Hence, any deficiencies Plaintiff alleges in the evidence against him should be argued in his state criminal case, not in this forum.

Further, insofar as Plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to Plaintiff's detention and pending criminal proceedings has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

3

*Heck*, 512 U.S. at 486-487.

Although the decision in *Heck* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."). *See also Smith v. Holtz*, 87 F.3d 108 (3d Cir.1996)(holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."). Also on point is *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D.Ill. 1994), where the court ruled that the complaint was subject to dismissal under *Heck*, noting that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings."

Plaintiff's complaints about the "electronic control device" that was used on him on July 12 are likewise unavailing. While he complains that he experienced "discomfort," he does not allege that the device was deployed, or that he suffered any injury whatsoever. Nor does he allege any ongoing use of the device to restrain him. He therefore fails to state a claim under an Eighth Amendment[1] conditions-of-confinement claim, which encompasses only "extreme deprivations." *Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995)(holding that "a prisoner must 'produce evidence of a serious or significant physical

---

[1] Under *Bell v. Wolfish*, 441 U.S. 520 (1979), conditions-of-confinement claims by a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment.

or emotional injury . . . or demonstrate a substantial risk of . . . serious harm)(internal citations omitted).

As to the allegation that Plaintiff was arrested without probable cause, Plaintiff has failed to state a claim for false arrest, as according to his own complaint the arrest was made pursuant to a warrant. ECF No. 1 at 14. *See Porterfield v. Lott*, 156 F.3d 563 (4th Circuit 1998)(there is no false arrest in violation of the Fourth Amendment if the arrest is made pursuant to a facially valid arrest warrant). As Plaintiff makes no claim that the warrant was not facially valid, he has not pled a constitutional deprivation such that he could prevail on a false arrest claim under § 1983.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

<u>s/Jacquelyn D. Austin</u>

Jacquelyn D. Austin
United States Magistrate Judge

September 26, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).