UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mauricio E. Weber, | ) | |
| *aka Esteban M. Weber* | ) | |
| | ) | C/A No.: 8:11-cv-02423-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Melissa Aiken-Partain; Mike Aiken; | ) | |
| Michael Roberson; Keith Bagwell; | ) | |
| Trevor Simmons; Joey Chapman; John | ) | |
| Zamberlin; Mike Baskins; Chrissy J. | ) | |
| Adams; Kristin Reeves; Robert A. | ) | |
| Gamble; Joy Chavis; Richard A. | ) | |
| Shirley; Daniel F. Sherouse; John Doe; | ) | |
| John Doe; Jeffrey Musick, Richard L. | ) | |
| Frierson; Doris A. Taylor. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of Magistrate Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on September 26, 2011. Plaintiff filed this action on September 9, 2011, pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Austin recommends that this Court dismiss

Plaintiff's Complaint without prejudice and without issuance of service of process. This Court adopts the magistrate's recommendation in its entirety.

## STANDARD OF REVIEW

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

## **OBJECTIONS**

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed objections on October 7, 2011.

## **DISCUSSION**

Plaintiff is a pretrial detainee, and is being held at Anderson County Detention Center on murder charges.   Plaintiff filed a seventeen page document with this Court with "objections" that mostly reference the magistrate's Report and Recommendation.   Most of the document rehashes Plaintiff's initial argument before the magistrate or restates alleged facts[1] set forth in Plaintiff's fifty-five page

---

[1] Among other things, Defendant objects to the following: (1) the Report and Recommendation misstates factual information in the "Background and Discussion" section; (2) Defendant Aiken-

complaint, *see* ECF No. 1. These issues were correctly considered by the magistrate and this Court will not address the issues a second time. To the extent Plaintiff raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below. Applying the requisite liberal standard to the plaintiff's *pro se* objections, this Court find that the plaintiff filed four specific objections. The plaintiff objected to the following:

**1. Removal from State to Federal Court**

Plaintiff believes that the circumstances of his case are "extraordinary," and that he cannot receive a fair and impartial trial at the state level. The Supreme Court, in *Younger v. Harris,* 401 U.S. 37 (1971), held that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Id.* at 44; *see also* 28 U.S.C. § 2283. Additionally, in *Cinema Blue of Charlotte, Inc. v. Gilchrist,* the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d 49, 52 (4th Cir. 1989). Further, in *Bonner v. Circuit Ct. of St. Louis*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal

---

Partain was not at the scene of the crime and did not witness Plaintiff's confession although she says she was; and (3) the statement given by Plaintiff's neighbor was inaccurate. These objections

courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F.2d 1331, 1336 (8th Cir.1975); *see also D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587–88 (4th Cir.1969) (federal courts may not issue writs of mandamus against state courts). As indicated in the cases cited above, Plaintiff is not foreclosed from raising claims of unconstitutionality in connection with state proceedings before Plaintiff has been tried. Also, Plaintiff argues that his situation warrants extraordinary measures because there is a "conspiracy" against him, precluding him from receiving a fair and impartial trial at the state level. This Court finds no reason to believe that the Defendants in this case were knowingly and intentionally conspiring against the Plaintiff. Thus, absent the alleged conspiracy, this case does not involve extraordinary circumstances. Further, to grant the injunctive relief Plaintiff seeks, removal from state to federal court, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger, Cinema Blue,* and *Bonner.*

---

are merely a restatement of facts alleged in Plaintiff's complaint.

**2. Ineffective Assistance of Counsel**

Plaintiff alleges that his counsel has committed multiple errors that amount to ineffective assistance of counsel. Plaintiff filed this lawsuit under 42 U.S.C. § 1983, which states:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*Id.*

The law is well settled that a defense attorney, whether privately retained or court-appointed, is not amenable to suit under § 1983 because defense counsel is not acting under color of law when performing the traditional functions of counsel. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 318 (1981)(noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Hall v. Quillen,* 631 F.2d 1154, 1155–56 (4th Cir. 1980)(affirming dismissal of § 1983 action against court-appointed attorney as lacking "state action"). However, an attorney who conspires with state officials to violate

constitutional rights acts under color of state law. *See Tower v. Glover,* 467 U.S. 914, 920 (1984). To plead and later prove such a conspiracy, a plaintiff must show an agreement or a meeting of the minds to violate constitutional rights; mere cooperation in an official investigation is insufficient to show conspiracy. *See John Hancock Mut. Life Ins. Co. v. Anderson,* No. 90−1749, 1991 WL 99073, at *3 (4th Cir. July 15, 1991)(*citing Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir.1983)). Here, Plaintiff claims that his attorney "continue[] to conspire with the prosecution to undermine [Plaintiff's] criminal defense." Objections 5−6, ECF No 16. He also makes the following allegations: (1) his attorney was [terminated] for allegedly accepting bribes from the victim['s] family in exchange for misrepresentation of their clients, etc;" (2) "The Public Defenders Office is the subject of an on-going investigation;" (3) his attorney "violated the attorney-client privilege by divulging information to the prosecution, that amounted to admissions of guilt" (4) his attorney did not compel crime scene photos; (5) his attorney failed to ensure that mental health evaluators were given a copy of his mental health and school records at the time he was evaluated; and (6) his attorney "violated the attorney-client privilege by placing unsealed legal documents in the possession of ACRC personal." *Id.* at 5−8. None of these allegations convince the Court that Plaintiff's attorneys were involved in a conspiracy against Plaintiff. Therefore, Plaintiff's claims are meritless.

**3. *Heck*, *Nelson*, *Holtz*, and *Hudson***

In Plaintiff's Objections, he states that he is not seeking damages, only injunctive relief in the form of removal from state court, and as such, the holdings of *Heck v. Humphrey,* 512 U.S. 477 (1994), *Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995), *Smith v. Holtz*, 87 F.3d 108 (3d Cir. 1996), and *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D. Ill. 1994), do not apply. However, Plaintiff asserts in his Complaint that he is entitled to "[c]ompensatory damages against Defendants John Doe and John Doe for the physical, emotional and psychological pain sustained as a result [of the] electronic control device," "[c]ompsenatory damages against Defendants Gamble and Davis for the emotional and psychological pain sustained, as a result of violating attorney-client privilege," "[c]ompensatory damages against Defendant Gamble for the emotion and psychological pain sustained, as a result of his failure to obtain Plaintiff['s] complete mental health history and school records prior to the competency to stand trial evaluation," and "punitive damages in the amount of $100,000 . . . against Defendants Gamble, Davis, John Doe and John Doe, jointly and severally." *See* Complaint, ECF No. 1. It appears that Plaintiff is asking the Court to award damages as well as injunctive relief. The magistrate judge correctly concluded that the above-mentioned cases apply to this case because it is a § 1983 case that requests monetary and/or injunctive relief. Therefore, this objection is without merit.

### 4. Electronic Control Device

Plaintiff's allegation that he was harmed by an "electronic control device" is without merit.   Plaintiff is currently a pretrial detainee charged with murder.  As a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish,* 441 U.S. 520, 535 (1979).   "[T]he pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.'"   *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988) (citing *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244 (1983)).  Although a state may not subject pretrial detainees to any restriction or condition that is intended to punish, *see Slade v. Hampton Rds. Reg'l Jail,* 407 F.3d 243, 250 (4th Cir. 2005), "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense," *Martin,* 849 F.2d at 870. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright,* 430 U.S. 651, 674 (1977).  Also, the Fourth Circuit held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment."   *Young v. City of Mount Ranier,* 238 F.3d 567, 575 (4th Cir. 2001).

In the case at hand, Plaintiff alleges that Defendants harmed him by placing an "electronic control device" on his leg while he was attending a hearing.  Plaintiff objects to the Magistrate's finding that Plaintiff did not suffer any injury.  *See* Objections 11–12, ECF No. 16.  Plaintiff states that he "sustained emotion[al] and

psychological injuries from [the] experience;" however, he provides no additional evidence to the Court of these mental injuries.    Furthermore, the Defendants' behavior did not "shock the conscience," and was merely an inconvenience for the Plaintiff.   Plaintiff only had to wear the electronic control device for a very short period of time as a public safety precaution while he was in court for a hearing. This objection is without merit.

### 5. New Arguments

Plaintiff raises new arguments in his Objections.   Unlike other circuits, the Fourth Circuit has held, that as part of its obligation to determine *de novo* any issue considered by the magistrate judge to whom a proper objection is made, a district court must consider all arguments, regardless of whether they were raised before the magistrate judge*.  See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992).    Therefore, this Court will entertain Plaintiff's new arguments.    First, Plaintiff claims that Defendant Adams will use his case "to bolster her re-election campaign; seek the death penalty against Plaintiff to appear tough on crime, and, in retaliation against Plaintiff for implicating her and her subordinates in a civil rights conspiracy."   This argument is a bald allegation of facts with no support, and are, therefore, not compelling arguments for removal from state court.   Next, Plaintiff alleges the fact that the public has access to court documents through PACER warrants "federal interference and change of venue from state to federal court." Akin to state court records, the public has access to federal court records through

PACER as well.  Therefore, this is not a compelling argument for removal from state court.

## CONCLUSION

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 15, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.